UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RONNIE L. GROSS,<br><br>    Plaintiff,<br><br>v.<br><br>HARPETH FINANCIAL SERVICES, LLC<br>d/b/a ADVANCE FINANCIAL,<br><br>    Defendant. | Case No. 1:21-cv-00005 |

**NOW COMES** RONNIE L. GROSS, by and through his undersigned counsel, complaining of Defendant HARPETH FINANCIAL SERVICES, LLC d/b/a ADVANCE FINANCIAL, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.    RONNIE L. GROSS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Sikeston, Missouri.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. HARPETH FINANCIAL SERVICES, LLC d/b/a ADVANCE FINANCIAL ("Defendant") maintains its principal place of business at 621 2nd Avenue South, #2F, Nashville, Tennessee 37210.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

9. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7205.

13. At all times relevant, Plaintiff's number ending in 7205 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

15. At some point, Plaintiff applied for and was approved for a loan with Speedy Cash for approximately $700.00 ("subject debt").

16. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5).

17. Unfortunately, due to unforeseen financial circumstances, Plaintiff fell behind on his obligation to Speedy Cash in or around July 2020.

18. In or around November 2020, Plaintiff started to receive unwanted collection phone calls from Defendant to his cellular phone.

19. Shortly after Defendant's calls began, Plaintiff answered a call in an effort to determine the reason for Defendant's calls.

20. In or around November 2020, Plaintiff requested that Defendant stop calling him by stating, "*You all need to stop calling.*"

21. Unfortunately, Plaintiff's request(s) fell on deaf ears and Defendant's collection calls persisted.

22. As recently as January 4, 2021, Plaintiff requested that Defendant's phone calls cease by stating, "You need to stop calling or I will report you."

23. Despite this warning and Plaintiff's numerous requests that Defendant stop calling, Defendant continues to place calls to Plaintiff's cellular phone.

24. When Plaintiff answers Defendant's calls, there is a significant pause and he is required to say hello several times before being transferred to a live person.

25. On most days, Plaintiff receives approximately three to four unwanted and uncontested collection phone calls from Defendant.

26. Defendant places these calls from various numbers, including but not limited to: (615) 341-5900 and (276) 524-2219.

## DAMAGES

27. Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

28. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls,

3

emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of his cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his cellular phone.

29. Moreover, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

30. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

33. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

34. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

35. Upon information and belief, the dialing system used by Defendant to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically.

36. Defendant violated the TCPA by placing dozens upon dozens of harassing phone calls to Plaintiff's cellular phone using an ATDS without his consent.

37. As pled above, Plaintiff revoked consent to be called on his cellular phone on multiple occasions during phone calls that he answered.

38. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

39. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

40. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

41. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet it continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiff, RONNIE L. GROSS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the TCPA;
   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and
   c. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

42. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violations of FDCPA §1692c

43. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a).

44. Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting Plaintiff after Plaintiff requested that the phone calls cease.

45. Specifically, when Plaintiff requested that the phone calls cease, any time that Defendant called after that request became an inconvenient time for Plaintiff.

### b. Violations of FDCPA §1692d

46. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

47. § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

48. Defendant violated §§ 1692d and d(5) when it placed dozens of collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

49. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

50. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

51. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**Intentionally Left Blank**

**WHEREFORE,** Plaintiff, RONNIE L. GROSS, requests that this Honorable Court enter judgment in his favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    b.    Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c.    Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d.    Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 7, 2021                              Respectfully submitted,

                                                          **RONNIE L. GROSS**

                                                          By: /s/ *Victor T. Metroff*

                                                          Mohammed O. Badwan, Esq.
                                                          Victor T. Metroff, Esq.
                                                          *Counsel for Plaintiff*
                                                          Sulaiman Law Group, Ltd
                                                          2500 S Highland Ave, Suite 200
                                                          Lombard, IL 60148
                                                          (630) 575-8180
                                                          mbadwan@sulaimanlaw.com
                                                          vmetroff@sulaimanlaw.com